NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORANS KHALED QERYAQOS, AKA Lorance Kahlid Q. Asman, AKA Lorans Khaled Qe Asman, AKA Lorans Queryaqos, | No.    18-72515 |
| Petitioner, | Agency No. A212-520-323 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2023
Las Vegas, Nevada

Before:  CLIFTON, BYBEE, and BENNETT, Circuit Judges.
Partial Dissent by Judge BENNETT.

Petitioner Lorans Qeryaqos is a native and citizen of Iraq.  In 2015, he

became a lawful permanent resident, retroactive to his 2013 date of entry into the

United States.  He petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing his application for withholding of removal and protection

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

under the Convention Against Torture ("CAT") and leaving in place a final order of removal. We deny the petition.

Under 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a" covered criminal offense. Petitioner's Arizona felony conviction for attempted possession of a narcotic drug (heroin) for sale in violation of A.R.S. § 13-3408(A)(2) is one such offense. *See* 8 U.S.C. § 1227(a)(2)(B)(i); *Romero-Millan v. Garland*, 46 F.4th 1032, 1043 (9th Cir. 2022) (holding A.R.S. § 13-3408 divisible as to drug type); *see also* 21 U.S.C. § 812 (criminalizing heroin). Accordingly, we retain jurisdiction over Petitioner's withholding of removal argument only to the extent that it involves "application of a legal standard to undisputed or established facts." *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020). This includes mixed questions of law and fact. *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012) (citation omitted).

The BIA did not abuse its discretion in concluding that Petitioner is ineligible for withholding of removal because his conviction was for a "particularly serious crime," under 8 U.S.C. § 1231(b)(3)(B)(ii).[1] The Attorney General may

---

[1] To the extent this argument is a mixed question of law and fact, and therefore within our jurisdiction, "determining whether a crime is particularly serious is an inherently discretionary decision, and we will review such decisions for abuse of discretion." *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012).

"designate offenses as particularly serious crimes through case-by-case adjudication." *Delgado v. Holder*, 648 F.3d 1095, 1098 (9th Cir. 2011) (en banc).[2] Drug trafficking crimes are presumed particularly serious unless certain "extraordinary and compelling circumstances" exist. *Matter of Y- L-*, 23 I. & N. Dec. 270, 276 (A.G. 2002).[3] Petitioner has not shown "extraordinary and compelling circumstances" that would justify a conclusion that his drug trafficking felony is not a particularly serious crime for immigration purposes.

We have jurisdiction to review Petitioner's CAT claim, *Nasrallah v. Barr*, 140 S. Ct. 1683, 1687, 1694 (2020), and "review for substantial evidence the factual findings underlying the BIA's determination that an applicant is not eligible for CAT protection," *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (citation omitted). "Under the substantial evidence standard, the court upholds the BIA's determination unless the evidence in the record compels a contrary conclusion." *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (citation omitted). Petitioner has not established that he faces a likelihood of torture "inflicted by or at the instigation of or with the consent or acquiescence of a public

---

[2] "As adjudicator in immigration cases, the [BIA] exercises authority delegated by the Attorney General." *Kucana v. Holder*, 558 U.S. 233, 239 (2010) (citation omitted).

[3] Petitioner has also not exhausted the argument that his crime is not an aggravated felony. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013).

3

official acting in an official capacity or other person acting in an official capacity."

*B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022) (quoting 8 C.F.R. § 208.18).

The BIA's determination that Petitioner is unlikely to be tortured with the consent

of the Iraqi government is supported by the record.

We do not discount evidence of the violence ongoing in Iraq at the hand of

ISIS. However, the country conditions report and other evidence in the record

supports the BIA's conclusion that the Iraqi government's efforts to combat ISIS

are ongoing. Although the Iraqi government may struggle to prevent or prosecute

certain acts of violence, "[a] government does not acquiesce in the torture of its

citizens merely because it is aware of torture but powerless to stop it."[4] *Garcia-*

*Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (quoting *Mouawad v.*

*Gonzalez*, 485 F.3d 405, 413 (8th Cir. 2007)).

---

[4] The dissent's reliance on *Garcia-Milian* is misplaced. Dissent at 2. While we recognized in *Garcia-Milian*, 755 F.3d at 1034, that officials acquiesce to torture if they "(1) have awareness of the activity (or consciously close their eyes to the fact it is going on); and (2) breach their legal responsibility to intervene to prevent the activity because they are unable or unwilling to oppose it[,]" we then provided examples of evidence that does not establish acquiescence, including evidence indicating that "the police were aware of a particular crime, but failed to bring the perpetrators to justice" or that "a government has been generally ineffective in preventing or investigating criminal activities" unless there is "evidence of corruption or other inability or unwillingness to oppose criminal organizations." *Id.* Here, the record can support no more than a general ineffectiveness on the part of Iraqi officials in preventing or investigating extremist activities. This does not constitute sufficient state action for CAT purposes.

Additionally, Petitioner did not exhaust the argument that the agency failed to "consider all of the evidence" in his application for CAT relief. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue."). In his brief to the BIA, he did not identify any piece of evidence allegedly disregarded by the immigration judge. Instead he argued that "the Immigration Judge did not give enough weight to the evidence submitted[.]" That is not the same argument.

Further, even if he had exhausted this argument, it is well established that the agency need not "individually identify and discuss every piece of evidence in the record." *Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022). Indeed, on appeal, "we apply a 'presumption that the BIA did review the record.'" *Id.* at 771 (quoting *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006)). "[I]f evidence is neither 'highly probative nor potentially dispositive,' the [BIA] need not expressly discuss it." *Id.* (quoting *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020)). Petitioner's brief to the BIA did not identify any particular evidence that was not considered or should have necessarily compelled a different conclusion. The brief to the BIA, not unlike the brief filed with our Court, listed only a string cite to several documents without identifying or discussing any of them. It is not surprising that the BIA did not make specific reference to any

5

particular evidence after a presentation that did not discuss any particular evidence, nor does it provide a basis for us to conclude that the BIA or immigration judge ignored evidence.

Finally, we review de novo Petitioner's due process claim. *See Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). The proceedings before the immigration judge and BIA were not "so fundamentally unfair that [Petitioner] was prevented from reasonably presenting his case." *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (citation omitted).

The petition is **DENIED.**



*Qeryaqos v. Garland*, 18-72515

BENNETT, Circuit Judge, dissenting in part:

I would grant the petition in part as to the CAT claim and remand to the BIA.[1]

First, the BIA did not properly consider evidence regarding Petitioner's risk of torture because of his relationship with the United States military.[2] Petitioner testified before the immigration judge ("IJ") that extremists threatened to cut him into pieces and drink his blood because of his work for the United States, and that he received death threats "almost daily" for "about three years." The IJ found this testimony credible. Despite this, the IJ concluded that there was no evidence Petitioner would be tortured in Iraq based on his "affiliation with the United States Army," and the BIA affirmed. Thus, the agency improperly disregarded Petitioner's testimony that he would face torture based on his relationship with the

---

[1] I concur in the majority's rejection of Petitioner's withholding claim.

[2] Although the majority concludes that Petitioner failed to exhaust this argument, the argument in his brief to the BIA that "the Immigration Judge did not give enough weight to the evidence submitted," was sufficient. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (Exhaustion "does not require the issue to have been raised in precise form during the administrative proceeding. Rather, the petitioner may raise a general argument in the administrative proceeding and then raise a more specific legal issue on appeal. What matters is that the BIA was sufficiently on notice that it has an opportunity to pass on th[e] issue") (cleaned up). Here, it is undisputed that the BIA reached a determination about the sufficiency of Petitioner's CAT evidence.

1

United States military. *See Kamalthas v. I.N.S.*, 251 F.3d 1279, 1282 (9th Cir. 2001) ("The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." (quoting 8 C.F.R. § 208.16(c)(2))).

Second, Petitioner's credible testimony is also evidence of the Iraqi government's acquiescence to torture. Petitioner testified that the Iraqi government can "barely" protect itself and could not protect him, which neither the BIA nor IJ seriously considered. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (stating that under CAT, torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity") (cleaned up). The majority quotes *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) for the proposition that "[a] government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." Maj. at 4. But *Garcia-Milian* also states that government "officials acquiesce in torture if, prior to the activity constituting torture, [they]: (1) have awareness of the activity (or consciously close their eyes to the fact it is going on); and (2) breach their legal responsibility to intervene to prevent the activity because they are unable or unwilling to oppose it." *Id.* (cleaned up). And this court has held that a government need not sanction torture to acquiesce in it. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006).

Finally, the BIA did not meaningfully consider record evidence of country conditions for Christians in Iraq. "[C]ountry conditions alone can play a decisive role in granting relief under [CAT]." *Kamalthas*, 251 F.3d at 1280, 1283. The country conditions submitted by Petitioner are bleak, including for Christians. ISIS has committed individual and mass murder, as well as engaged in "rape, kidnapping, random detentions and mass abductions, torture, abduction and forced conversion of non-Muslim male children, and the enslavement and sex trafficking of women and girls from minority religious communities." Other evidence submitted by Petitioner describes "summary executions, beatings of men in custody, enforced disappearances, and mutilation of corpses by government forces" during an operation to retake a town from ISIS. The Christian population in Iraq has declined from a pre-2002 population estimate of between 800,000 and 1.4 million to fewer than 250,000 today. The Iraq 2016 International Religious Freedom Report notes that some "Christian leaders reported continued harassment and abuses" by regional government forces. The BIA simply embraced the IJ's conclusion that there exists "no evidence" Petitioner will be tortured for his religion with the acquiescence of the Iraqi government. Neither the BIA nor the IJ meaningfully engaged with the evidence. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) ("[W]here there is any indication that the [agency] did not consider all of the evidence before it . . . The decision cannot stand. Such

indications include . . . [f]ailing to mention highly probative or potentially dispositive evidence.") Moreover, that Iraq has declared victory over ISIS[3] does not eliminate Petitioner's risk of being tortured. Although ISIS was responsible for threats against Petitioner, he credibly testified that he fears ISIS as well as other extremists who "hate the United States." He also testified that extremists killed the bishop of his religious community and two priests, and that there is no safe place in Iraq for him to hide.

Even applying the deferential substantial evidence standard, because the BIA failed to consider country conditions relevant to Petitioner's claim that he will be tortured and failed to consider relevant evidence of the Iraqi government's acquiescence in torture (or, at the very least, that government's inability to control it), I would grant the petition in part and remand to the BIA with instructions to

---

[3] Declaring victory is not the same as achieving it, but it appears that the BIA accepted the victory declaration as undisputed fact. The IJ stated: "As pointed out by the Government attorney . . . [the] Iraq prime minister declared victory over ISIS announcing the end of more than three years of battles to regain control over a nearly one-third of the country that had been under the terrorist group's domination." The BIA stated: "[T]he Immigration Judge relied on record evidence indicating that the Iraqi government has officially recognized and provided support to Christian groups and has defeated ISIS, which had previously targeted Christians and other religious minorities." When asked at oral argument if it was the position of the United States that the Iraqi government has defeated ISIS, the government replied that "at most, we would be able to say what the [Iraqi] government declared." Oral Arg. at 24:04–24:29.

consider the evidence in the record. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 891 (9th Cir. 2021). Therefore, I respectfully dissent in part.